Filed 3/4/26  Echeverria v. Bandy CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GLORIA ECHEVERRIA, Plaintiff and Appellant, v. AMY BANDY, Defendant and Respondent. | G064893 (Super. Ct. No. 30-2022-01288605) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Strickroth, Judge. Affirmed.

Graham & Associates and Anthony G. Graham for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza, Nathan J. Novak; Schafer McMahon, Terrence J. Schafer and Shahla Couper for Defendant and Respondent.

Gloria Echeverria appeals a judgment entered after Amy Bandy's motion for summary judgment was granted. As we will explain below, Bandy shifted the burden on each cause of action to Echeverria. In opposition, Echeverria did not provide any medical expert declarations and therefore failed to establish any triable issue of material fact. Echeverria filed evidentiary objections, and the trial court did not abuse its discretion in overruling them. The court properly granted the motion and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

I.

THE COMPLAINT

Echeverria's daughter, Ashley Renteria hired Bandy to perform a breast augmentation in 2017. Renteria was not pleased with results of the surgical procedure and filed a lawsuit against Bandy in 2021 alleging medical malpractice as well as violations of the Business and Professions Code section 17200. As part of that lawsuit, Renteria gave deposition testimony. Before the lawsuit could be resolved, Renteria died by suicide in July 2022.

In October 2022, Echeverria filed a complaint for wrongful death pursuant to Code of Civil Procedure section 377.60. The complaint accused Bandy of negligently performing the surgery, which ultimately resulted in Renteria's death. Specifically, Echeverria alleged that after the surgery, Renteria reported her breasts were misshapen and swollen and that she had "distressing scarring" and significant pain. Renteria, who worked as a dancer, was "horrified" by her appearance. The complaint alleged Renteria had a fear of further surgery, began taking antidepressants, and continued to complain of extreme pain and emotional distress due to her "deformity" until she ultimately took her own life. The complaint also alleged the informed consent

2

documents related to the surgery were forged, although there was not a stated cause of action for lack of informed consent.

## II.

### MOTION FOR SUMMARY JUDGMENT

Bandy moved for summary judgment, asserting, with the support of two expert declarations, she met the standard of care in her care and treatment of Renteria and did not cause or substantially contribute to her patient's death.

In opposition, Echeverria first argued the evidence on which Bandy's experts based their opinions was inadmissible because it was not authenticated and contained hearsay statements not subject to any exceptions. Echeverria also asserted Bandy's medical records contain forged documents, making the medical records and the expert declarations unreliable.

Echeverria also raised some factual disputes, supported only by her declaration, Renteria's deposition testimony, and the purported forged documents. Echeverria did not include an expert declaration or opinion on the issues of negligence or causation. Echeverria's declaration did, however, include comments she heard from two other doctors confirming the need for revision surgery, one of whom told her Bandy used the wrong size implants and poor technique in the surgery.

Bandy's reply argued Echeverria failed to raise any question of material fact because she offered no competent rebuttal expert testimony on whether Bandy exercised a reasonable degree of knowledge and skill or as to whether any act or omission caused or substantially contributed to Renteria's death.

3

## III.

### THE TRIAL COURT'S RULING

On the date of the initial hearing, the trial court issued an order continuing the hearing "to allow [Bandy] to provide the proper authentication" for all of Renteria's medical records and Orange County Sheriff-Coroner Department records. Though the order prohibited the parties from filing any further evidence or briefing, Echeverria filed a response arguing the evidence submitted in support of the motion was inadmissible and denial was required. Bandy timely submitted custodian of record declarations related to all medical records and the coroner's reports.

The trial court granted the motion for summary judgment, noting Echeverria's lack of a competing expert declaration. The court also addressed the forgery allegations, stating the only documents alleged to be forged were related to informed consent, which was not at issue.

### DISCUSSION

### I.

### STANDARD OF REVIEW

We review the trial court's grant of summary judgment de novo, meaning we consider all evidence included in the parties' moving and opposing papers, except that to which objections were sustained. (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39.) The evidence provided in support of the party opposing summary judgment is liberally construed and doubts concerning the evidence are resolved in favor of that party. (*Ibid.*)

"'Summary judgment should be granted if no triable issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. [Citation.] The burden of persuasion is on the party moving for summary judgment. When the defendant is the moving party, the defendant

must show the action has no merit. That showing is made if the defendant either negates an element of the plaintiff's cause of action or establishes that a complete defense exists. The burden then shifts to the plaintiff to show that a triable issue of material fact exists with respect to the cause of action or defense.'" (*Hester v. Public Storage* (2020) 49 Cal.App.5th 668, 674.)

## II.

## ECHEVERRIA FAILED TO RAISE A TRIABLE ISSUE OF FACT TO DEFEAT SUMMARY JUDGMENT

"The elements of a cause of action for medical malpractice are: (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage." (*Johnson v. Superior Court* (2006) 143 Cal.App.4th 297, 305.) Bandy's motion for summary judgment attacks two elements: breach and causation.

Healthcare providers must possess and exercise "'reasonable degree of skill, knowledge, and care ordinarily possessed and exercised by members of the medical profession under similar circumstances.'" (*Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1081.) The level of skill, knowledge, and care which is reasonable in a particular course of treatment can only be established by expert testimony, unless the practitioner's conduct at the time is within a layman's common knowledge. (*Morton v. Thousand Oaks Surgical Hospital* (2010) 187 Cal.App.4th 926, 935.) "'Expert evidence in a malpractice suit is conclusive as to the proof of the prevailing standard of skill'" because it is not a matter of general knowledge. (*Willard v. Hagemeister* (1981) 121 Cal.App.3d 406, 412.)

5

Bandy provided medical expert testimony related to the duty of care element of negligence. First, she presented a declaration from Dr. Terry J. Dubrow, a board-certified plastic surgeon. Dubrow's declaration included the relevant portions of Renteria's treatment, the coroner's investigation, and Renteria's mental health treatment, medications, and diagnoses prior to and after her surgery.

Dubrow opined to a reasonable degree of medical probability, "all of the care and treatment rendered to [Renteria] by [Bandy] complied with the applicable medical standard of care in the medical profession in all respects and did not cause or substantially contribute to [Renteria's] death." Dubrow further opined he saw no evidence of any breach of the medical standard of care in Bandy's performance of the surgery or in her postoperative treatment.

Next, Bandy presented a declaration from Dr. Daniel F. Chueh, a board-certified psychiatrist and neurologist, retained to provide an opinion on Renteria's psychiatric condition and whether Bandy's care and treatment caused or contributed to her death. Chueh's declaration included a nearly identical recitation of supporting facts from Renteria's medical records, the coroner's investigation, and records of Renteria's mental health treatment, medications, and diagnoses.

Chueh opined to a reasonable degree of medical probability Bandy did not commit any negligent act or omission that caused or substantially contributed to Renteria's suicide. Chueh further opined "there [was] no causal link between [Renteria's] suicide and the care and treatment she received from [Bandy]." He concluded Renteria's suicide was "more directly attributable to her long standing history of [posttraumatic stress disorder] which started in her childhood."

6

None of Echeverria's objections or arguments assert Dubrow or Chueh are unqualified. Nor does she assert the information in the declarations is within the common knowledge of an average layperson. As Bandy's expert opinions were conclusive, they were sufficient to transfer the burden to Echevarria.

Echeverria then failed to meet her burden of establishing a triable issue of material fact on the element of breach. She did not offer expert testimony establishing why Bandy's treatment of Renteria fell below the standard of care. Instead, she offered only her own declaration detailing what Renteria suffered. Evidence of injury is not evidence Bandy failed to meet the standard of care.

Echeverria declared Bandy told her a revision surgery was necessary, as did two other doctors Renteria consulted. Echeverria claimed one doctor told her and Renteria that Renteria's condition was caused by Bandy's poor technique and the use of implants that were too big. But neither of these doctors provided a declaration opining, to a reasonable degree of medical probability, Bandy's treatment fell below the standard of care. Additionally, as Echeverria did not provide these doctors' qualifications, we consider their commentary unpersuasive. (*Avivi v. Centro Medico Urgente Medical Center* (2008) 159 Cal.App.4th 463, 467 ["to testify as an expert in a medical malpractice case, a person must have enough knowledge, learning and skill with the relevant subject to speak with authority"].) And fatally, there is no explanation or factual foundation for these doctors' commentary as relayed by Echeverria. (*Kelley v. Trunk* (1998) 66 Cal.App.4th 519, 524.) These were comments made to their patient during evaluation, not statements made in consideration of Bandy's negligence.

Without expert testimony to establish a triable issue of material fact on the element of breach (failure to meet the standard of care), the trial court properly granted the motion for summary judgment. (*Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 969–970.)[1]

III.

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN OVERRULING ECHEVERRIA'S EVIDENTIARY OBJECTIONS

In opposition to Bandy's summary judgment motion, Echeverria provided a separate document outlining her objections to Bandy's evidence. The trial court overruled these objections based on Echeverria's failure to comply with California Rules of Court, rule 3.1354 (all rule references are to the California Rules of Court).

We generally review the trial court's evidentiary rulings for abuse of discretion. (*San Francisco Print Media Co. v. The Hearst Corp.* (2020) 44 Cal.App.5th 952, 962 & fn. 7.) The party challenging a court's evidentiary ruling has the burden to establish abuse of discretion, which can only be found if the court's order exceeds the bounds of reason. (*Schmidt v. Citibank, N.A.* (2018) 28 Cal.App.5th 1109, 1118.) A court does not abuse its discretion in overruling evidentiary objections that fail to comply with the requirements of rule 3.1354. (*Schmidt, supra*, at p. 1118.) Each objection is required to "[s]tate the exhibit, title, page, and line number of the material objected to" (rule 3.1354(b)(2)) and to "[q]uote or set forth the objectionable statement or material" (rule 3.1354(b)(3)).

---

[1] The parties offered significant briefing regarding the element of causation. It is not necessary to address that element here because summary judgment was properly granted on the element of breach.

8

On appeal, Echeverria merely reiterates her objections and does not address the basis for the court's ruling. Merely repeating trial court arguments on appeal is insufficient. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) "[A]n appellant has a duty to make a 'cognizable argument on appeal as to why the trial court abused its discretion.'" (*Ibid.*) By failing to present a substantive argument how the court abused its discretion, we deem the argument forfeited.

Regardless, review of the record supports the trial court's conclusion. Echeverria's objections failed to comply with California Rules of Court, rule 3.1354(b)(2)–(3) because they did not identify the page and line number of the material objected to or quote the objectionable statements or material. Instead, Echeverria identified entire documents or even categories of documents and broadly stated grounds for objection. For example, rather than identifying specific hearsay statements in Renteria's medical records, Echeverria sought to exclude all medical records as inadmissible. The court did not abuse its discretion in overruling her objections.

IV.

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ALLOWING BANDY TO FILE DOCUMENTS AUTHENTICATING HER EVIDENCE

Echeverria argues the trial court committed reversible error by giving Bandy an opportunity to authenticate evidence she had already submitted in support of her motion. By doing so, Echeverria argues, the court admitted Bandy failed to meet her burden with the support of admissible evidence, and the motion should have been denied as Bandy did not authenticate the evidence. Echeverria characterizes the court's action as giving Bandy a chance to "'create'" admissible evidence and as relieving Bandy of her initial burden requirements. This is not persuasive.

9

The custodian declarations are not new evidence. Echeverria already had the records and the opportunity to address the substance of those records in her opposition. She also had the opportunity to hire an expert to review the records and offer an opinion on Bandy's competence before submitting her opposition, and to submit evidentiary objections which conformed with the California Rules of Court. She did not take advantage of these opportunities. Moreover, although Echeverria takes issue with the court's admonition not to file supplemental briefing, Echeverria filed an additional brief voicing her objections and had the opportunity to address the evidence at oral argument. The court did not abuse its discretion in allowing Bandy an opportunity to authenticate previously submitted evidence.

V.

THE TRIAL COURT DID NOT IMPROPERLY WEIGH EVIDENCE

Echeverria argues the trial court improperly gave greater weight to Bandy's expert opinions than it did to the direct testimony of Echeverria and her daughter. She argues because the experts' declarations are inadmissible, or at least the evidence on which they are based is inadmissible, the court should not have given them so much importance. Echeverria accuses the court of ignoring and downplaying the factual disputes offered in her opposition.

This argument ignores the requirement expert testimony be presented to contradict defendant's expert opinions and establish a triable issue of material fact in medical malpractice cases. (*Morton v. Thousand Oaks Surgical Hospital, supra*, 187 Cal.App.4th at p. 935.) Evaluating whether a plaintiff's rebuttal evidence is sufficient to establish a triable issue of material fact is not the same as giving preference to one expert's

10

declaration over another's. Review of the trial court's ruling does not support the conclusion the court was favoring Bandy's evidence over Echeverria's.

## DISPOSITION

The judgment is affirmed. Respondent to recover costs on appeal.


MOTOIKE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.

11